## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FREDDIE D. CHAVEZ,

       Plaintiff,

vs.                                                                  No. CIV 20-0376 JB\SMV

METROPOLITAN DETENTION CENTER and
MICHELLE LUJAN GRISHAM,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Freddie D. Chavez's failure to cure deficiencies. The Honorable Stephan Vidmar, United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Chavez to refile his prisoner civil rights claims on the proper form, and, either pay the $400.00 filing fee, or alternatively, file a motion to proceed in forma pauperis. See Order to Cure Deficiencies at 1, filed May 1, 2020 (Doc. 3)("Cure Order"). Because Chavez did not comply or show cause for his lack of compliance, the Court will dismiss this case without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Chavez was previously detained at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. On April 22, 2020, he filed an untitled letter complaint based on MDC's failure to provide COVID-19 testing and safety equipment. See Untitled Letter Raising Civil Rights Violations at 1, filed April 22, 2020 (Doc. 1)("Letter Complaint"). Twenty-one detainees signed the Letter Complaint. See Letter Complaint at 3. The Letter Complaint did not name an individual subject to suit, and the Court could not discern any details about Chavez' housing arrangements or whether he is at greater risk of COVID-19 complications due to his

health.   See Letter Complaint at 1-2.   Chavez did not prepay the $400.00 civil filing fee or, alternatively, file a motion to proceed in forma pauperis.

On April 23, 2020, the Court referred the matter to Magistrate Judge Vidmar for recommended findings and disposition, and to enter non-dispositive orders.   See Order Referring Case at 1, filed April 23, 2020 (Doc. 2).   Thereafter, Magistrate Judge Vidmar ordered Chavez to cure deficiencies in connection with the Letter Complaint.   See Cure Order at 1.   Magistrate Judge Vidmar directed Chavez to refile his complaint on the proper 42 U.S.C. § 1983 form and allege individualized facts explaining why his conditions of confinement are unconstitutional. See Cure Order at 1.   Magistrate Judge Vidmar also directed Chavez to either prepay the $400.00 civil filing fee, or alternatively, file a motion to proceed in forma pauperis along with a six-month account statement, as 28 U.S.C. § 1915(a) requires.   See Cure Order at 1.   The deadline to cure both deficiencies was June 1, 2020.   The Cure Order warned that the failure to timely comply may result in dismissal of this civil case without further notice.   See Cure Order at 2.   Chavez did not comply or otherwise respond to the Cure Order.   The docket also reflects that MDC returned mail sent to Chavez, indicating that he is no longer in custody.   See Mail Returned as Undeliverable at 1, filed May 8, 2020 (Doc. 4).

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."   Fed. R. Civ. P. 41(b).   See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly

has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).   As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation[.]"   See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007).   "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."   Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."   Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).   If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016)(Gorsuch, J.)("Nasious").   Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."   Nasious, 492 F.3d at 1162.   These criteria include:

> "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."

Nasious, 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204)(internal quotations marks omitted).

- 3 -

Here, Chavez did not address the filing fee and refile an individual civil rights complaint. The deadline to cure both deficiencies was June 1, 2020, and the Cure Order warned that the failure to timely comply may result in dismissal of this civil case without further notice.   See Cure Order at 2.   MDC also recently released Chavez from custody, which renders his concerns about COVID-19 equipment moot.   See Mail Returned as Undeliverable at 1.   In light of these circumstances, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute and comply with Court orders.   See Olsen v. Mapes, 333 F.3d at 1204.   The dismissal will be without prejudice, considering the factors in Nasious.

**IT IS ORDERED** that: (i) Plaintiff Freddie D. Chavez's Untitled Letter Raising Civil Rights Violations filed April 22, 2020 (Doc. 1), is dismissed without prejudice pursuant to rule 41(b) of the Federal Rules of Civil Procedure; and (ii) the Court will enter a separate Final Judgment disposing of the civil case.

UNITED STATES DISTRICT JUDGE

*Party:*

Freddie D. Chavez
Albuquerque, New Mexico

   *Plaintiff pro se*

- 4 -